# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                              No. 02-4255

LA DON GARRETT,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CR-01-56)

Submitted: August 16, 2002

Decided: October 7, 2002

Before WILKINS, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James M. Pool, LAW OFFICES OF JAMES M. POOL, Clarksburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Robert H. McWilliams, Jr., Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

La Don Garrett pled guilty to distributing .48 grams of crack in violation of 21 U.S.C. § 841 (2000), and was sentenced to a term of sixty-three months imprisonment. Garrett appeals his sentence, contending that the district court erred when it included two sales of crack in his relevant conduct even though the sales occurred after his guilty plea and more than a year after the offense of conviction. We affirm.

Garrett sold crack to confidential informants on July 13, July 20, and September 30, 2000, in Clarksburg, West Virginia. In October 2001, he was charged in a one-count information with the July 20 sale. He stipulated in his plea agreement that his relevant conduct included the crack he sold on all three dates, a total of 1.278 grams. After his guilty plea, Garrett was released on bond and in December 2001 he sold crack twice more to a confidential informant in Fairmont, West Virginia, not far from Clarksburg. At his sentencing, the district court found that the December 2001 sales were part of the same course of conduct and added those amounts, totaling .78 grams, to Garrett's relevant conduct. As a result, Garrett's base offense level increased from 18 to 20.

Garrett argues on appeal that the district court erred in finding that the 2001 crack sales were part of the same course of conduct. *U.S. Sentencing Guidelines Manual* §§ 1B1.3, 2D1.1 (2001). When the facts are undisputed, the district court's ruling on a disputed issue is a legal one, and the standard of review is de novo. *United States v. Butner*, 277 F.3d 481, 488 (4th Cir.), *cert. denied*, 122 S. Ct. 2610 (2002). For drug offenses, all conduct that is "part of the same course of conduct or common scheme or plan as the offense of conviction" constitutes relevant conduct. USSG § 1B1.3(a)(2).

This court uses a single test for determining whether conduct outside the count of conviction is part of the same course of conduct or a common scheme or plan. *United States v. Pauley*, 289 F.3d 254, 259 (4th Cir. 2002); *United States v. Mullins*, 971 F.2d 1138, 1144 (4th Cir. 1992). This test directs the sentencing court to look to: the nature

of the defendant's acts, his role, and the number and frequency of repetitions of his acts, to determine whether they indicate a pattern of behavior. The important factors are the "similarity, regularity, and temporal proximity between the offense of conviction and the uncharged conduct." *Pauley*, 289 F.3d at 259. The district court should "look for a stronger presence of at least one of the components if one of the components is not present at all." *Id.*

Here, the district court found that all of Garrett's crack sales were part of an ongoing series of offenses, i.e., part of the same course of conduct. The record contains little information about Garrett's drug activities beyond the bare fact that he made the various sales. However, this information was enough to establish a regular pattern of crack sales by Garrett in the Clarksburg area.

Garrett argues that the length of the interval between the sale in September 2000 and his post-plea sales in December 2001 precludes a finding that the December 2001 sales were relevant conduct. While there is a significant lapse of time between the 2000 and 2001 sales, as in *Pauley*, Garrett's repetitive conduct weighs in favor of the district court's finding that he was engaged in an ongoing series of offenses. USSG § 1B1.3, (n.9(B)) (same course of conduct). Garrett relies on *United States v. Hill*, 79 F.3d 1477, 1480-85 (6th Cir. 1996) (holding that where nineteen-month gap separated two isolated sales of different quantities of cocaine, government had not proved regularity, temporal proximity, or similarity); *United States v. Russell*, 76 F.3d 808, 812-13 (6th Cir. 1996) (holding that defendant's conduct in drug offense four months after drug sales for which he was convicted was not in furtherance of criminal activity that occurred during offense of conviction); and *United States v. Hahn*, 960 F.2d 903, 909-10 (9th Cir. 1992) (remanding for findings concerning evidence of similarity and regularity given five-month gap between offense of conviction and prior drug sales). However, as the district court found, Garrett's offenses were similar as well as repetitive. Thus, two of the three significant factors were present.

Garrett argues that the sales were not similar because the 2000 sales were made at the homes of the confidential informants while the 2001 sales were made in a restaurant parking lot in the next county. We do not find this slight difference to be significant. Given the lim-

ited information available, the district court did not err in concluding that the 2001 sales were part of the same course of conduct as the previous sales.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*